**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
Annick M. Persinger (State Bar No. 272996)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            swestcot@bursor.com
            apersinger@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH A. SALAZAR, individually and on behalf of all others similarly situated,<br><br>                                         Plaintiff,<br><br>       v.<br><br>HONEST TEA, INC.<br><br>                                         Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Sarah A. Salazar ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Honest Tea, Inc. ("Honest Tea").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## INTRODUCTION

1.      Honest Tea's marketing and promotion of bottled Honest Tea Honey Green Tea is dishonest.  This is a class action lawsuit on behalf of purchasers of Honest Tea Honey Green Tea ("Honey Green Tea"), which Defendants market as a source of antioxidant green tea flavonoids.  In fact, Honest Tea Honey Green Tea does not contain the amount of antioxidants touted on the label.

2.      Plaintiff Salazar purchased numerous bottles of Honey Green Tea, which did not contain the amount of "antioxidants green tea flavonoids" represented on the label.  Independent testing by a laboratory retained by Plaintiff's counsel determined that 16.9 fluid ounce bottles of Honey Green Tea contained an average of 186.7 mg of flavonoids per bottle.  While Honest Tea claims on their website and in their "Keeping It Honest Mission Report" that they use "honesty and integrity" to craft their products, the testing showed that the total flavonoids per bottle is 24% below the "247 mg Antioxidants Green Tea Flavonoids Per Bottle" highlighted on the label.  Thus, contrary to its "Honest" trade name, Honest Tea's Honey Green label is false and misleading.  Honest Tea is cheating purchasers by providing less antioxidants than purchasers are paying for.

3.      Plaintiff Salazar asserts claims on behalf of herself and a nationwide class of purchasers of Honey Green Tea for breach of express warranty, breach of the implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, violation of the California Consumer Legal Remedies Act ("CLRA"), violation of the California Unfair Competition Law ("UCL"), violation of the California False Advertising Law ("FAL"), negligent misrepresentation, and fraud.

## PARTIES

4.      Plaintiff Sarah A. Salazar is a citizen of California, residing in Benicia.  From 2012 until August 2013, Ms. Salazar regularly purchased Honest Tea Honey Green Tea.  Prior to

purchasing Honey Green Tea, Ms. Salazar reviewed the product's label.  Relying on the representations on the label about Honey Green Tea's antioxidant content, Ms. Salazar purchased Honey Green Tea at Safeway and Raley's in Benicia, California on numerous occasions.  Ms. Salazar would not have purchased Honey Green Tea had she known the truth about the product's antioxidant content.  Instead, she would have paid much less for tea leaves or a tea bag of green tea.  Ms. Salazar suffered injury in fact and lost money as a result of Honest Tea's deceptive, misleading, unfair and fraudulent practices described herein.

5.     Defendant Honest Tea, Inc. ("Honest Tea") is a Delaware corporation with its principal place of business at 4827 Bethesda Ave, Bethesda, Maryland 20814.  Honest Tea is the distributor and seller of Honest Tea Honey Green Tea and participated in creating the product formulation, branding, packaging and design, logistics and distribution, marketing, and advertising.  Honest Tea's activities caused the sale of Honest Tea Honey Green Tea in supermarkets and restaurants across the nation.  Honest Tea utilized the Express Warranties and Misrepresentations to effectuate its plan to market Honest Tea Honey Green Tea as described herein.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, as well as most members of the proposed class, are citizens of states different from the states of at least one of the Defendants.  Defendants have sold hundreds of thousands, if not millions, of bottles of Honest Tea Honey Green Tea.

7.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.  Defendant distributed, advertised, and sold Honest Tea Honey Green Tea, which is the subject of the present complaint, in California and in this District.  Moreover, Plaintiff read the product's label and purchased Honest Tea Honey Green Tea in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Honest Tea's False and Misleading Name**

8.     Defendant uses the trade name "Honest Tea" to represent to the public that it's honest, truthful, and trustworthy.   Indeed, "Honest Tea" is an intentional pun on the word "honesty."   Honest Tea uses the word "Honest" and the "honesty" pun to reinforce its other express claims about the characteristics of its products.

9.     Honest Tea doesn't stop with its trade name.  Honest Tea also claims on its website and in other marketing materials that its products are "Refreshingly Honest" and "Honest Tea:  If it's not real, it's not Honest."

10.     In 2011, when Honest Tea re-styled Honey Green Tea's label, co-founder Seth Goldman stated that "In recognition of the fact that the word 'Honest' is the most important part of our name, we decided to move away from having the word 'Honest Tea' all on one line.  While some were worried that breaking up the words might make it easier for consumers to miss the pun (Honest Tea = 'Honesty'), we decided that the benefits of creating one uniform brand identity that emphasizes the word 'Honest' was worth the tradeoff."

11.     Additionally, as part of its "brutally honest campaign" Honest Tea took common lies and turned them in to truths to help the consumers remember the honesty of Honest Tea.  The result was billboards that stated in giant bold letters:  "YES, THAT DRESS DOES MAKE YOU LOOK FAT, BE REAL. GET HONEST" and "IT'S NOT ME IT'S YOU, BE REAL. GET HONEST."

12.     As part of its honesty marketing campaign, Honest Tea even conducted "the first National Honesty Index social experiment" where Honest Tea set up unmanned Honest Tea kiosks that offered its beverages for $1 on the honor system in over 30 cities across the country.  Honest Tea recorded whether consumers paid $1.  The results suggested that most of the American population is honest.  Unfortunately, the same cannot be said for Honest Tea.

13.     Contrary to its "brand identity" and advertising campaign, Honest Tea is not honest.  Instead, as described more fully below, Honest Tea has made false claims on Honey Green Tea's label since at least 2008.

**Antioxidant Green Tea Flavonoids**

14.     It is common knowledge that antioxidants provide health benefits.  Based on Honest Tea's representations about the antioxidant content in Honey Green Tea, Plaintiff and the class members purchased Honey Green Tea for its antioxidant content.

15.     Consumers make purchasing decisions based on claims about antioxidants. According to a consumer survey by Bossa Nova, half of adults rank antioxidants as the top nutrient they are most concerned about adding to their diets – ahead of calcium, fiber and iron.[1]

16.     Antioxidants prevent harmful chemical reactions in which oxygen is combined with other substances.[2]

17.     Flavonoids, also called bioflavonoids, are antioxidants that have medicinal properties, including the ability to defend against cancer and viruses.  Flavonoids also have anti-microbial, antihistamine, and anti-inflammatory characteristics.[3]  Flavonoids are a comprehensive classification of antioxidants that includes all types of "catechins."  A "catechin" is a tannin peculiar to green tea.  Catechins are a powerful, water soluable polyphenols and antioxidants that are easily oxidized.  Green tea contains four main catechin substances:  epicatechin (EC), epicatechin gallate (ECG), epigallocatechin (EGC), and epigallocatechin gallate (EGCG), all of which fall under the umbrella term "catechin."  EGCG is the most powerful of the green tea catechins.  EGCG as an antioxidant is about 25-100 times more potent than vitamins C and E.[4]

**The Marketing of Honest Tea Honey Green Tea**

18.      Honest Tea's marketing campaign for Honey Green Tea capitalizes on consumer interest in consuming antioxidants.  Honest Tea sells hundreds of thousands of bottles of Honey Green Tea because of its claims about its "antioxidant[] green tea flavonoid" content and the health benefits consumers associate with antioxidants.  While Honest Tea encourages consumers to trust

---

[1] *See* New Survey Finds Antioxidants #1 Nutrient Concern Amongst Consumers, PR Newswire. http://www.prnewswire.com/news-releases/new-survey-finds-antioxidants-1-nutrient-concern-amongst-consumers-106440093.html.
[2] *See* Antioxidant Definition, MERRIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/antioxidant.
[3] *See* Jennifer Nelson, What is a flavonoid? Mother Nature Network, http://www.mnn.com/food/healthy-eating/stories/what-is-a-flavonoid.
[4] *See* Green Tea, White Tea: Catechin Health Benefits, Green Tea Lovers: Healthy Tea that Tastes Great, http://www.greentealovers.com/greenteahealthcatechin.htm.

them by constantly citing "honesty" in its name, and in its marketing materials, Honest Tea's claims about the antioxidant content in Honey Green Tea are false.



19.    Despite Honest Tea's "Refreshingly Honest" tag line, Honest Tea makes demonstrably false claims on its Honey Green Tea label.  Honest Tea represents that its 16.9 fl. oz. bottles contain "247 mg Antioxidants Green Tea Flavonoids per bottle."  Independent testing has confirmed that Honest Tea's representation is false.   Additionally, Honest Tea's Honey Green Tea label states that:

> We won't sweet talk you.  We'll just say two words: Epigallocatechin gallate.  It may not have the ring of "sweetheart" but EGCG is our favorite flavonoid, one of many tea antioxidants.  Sure, we add a kiss of honey, but not enough to gross you out.
>
> Honestly yours,
>
> Seth + Barry

1
2
3
4
5
6
7
8
9
10
11

 

12    20.    By touting the "247 mg antioxidant[]" content in its tea, and by employing the word

13  "Honest" in its name, on the label and on its website, Honest Tea hooks in consumers who would

14  otherwise purchase green tea leaves or bags of green tea to brew that provide more flavonoid

15  antioxidants for much less.

16    21.    Further, while Honest Tea claims on the Honey Green Tea label that it is "JUST A

17  TAD SWEET," and that they "add a kiss of honey, but not enough to gross you out," Honey Green

18  Tea contains as much sugar as half a can of soda.  Indeed, there is more "Organic Cane Sugar" in

19  Honey Green Tea than "Organic Green Tea Leaves" and "Organic Honey."  The only ingredient in

20  a greater amount than "Organic Cane Sugar" is water.  As such, unlike green tea from brewed

21  leaves or tea bags, Honey Green Tea is mainly sugar water.

22    22.    Since Honey Green Tea does not contain the amount of antioxidants represented on

23  the label, Plaintiff and the class members did not get what they paid for.

24  **Honest Tea's Predecessor Labels Were Also False And Misleading**

25    23.    Since 2008, Honest Tea has misrepresented the antioxidant content in Honey Green

26  Tea.  In 2011, Honest Tea changed Honey Green Tea's label representations from "250mg EGCG

27  Super Antioxidant" to "Antioxidants 190mg Tea Catechins/Bottle."  In 2013, Honest Tea changed

28  Honey Green Tea's label representation to "247 mg Antioxidants Green Tea Flavonoids Per

1  Bottle."  All three labels' representations about the antioxidant content per bottle are false and

2  misleading.  Honest Tea changed Honey Green Tea's label in 2011 and 2013 but did not change

3  the formulation of Honey Green Tea.

4      24.     As depicted below, Honest Tea's label previously represented that the bottle

5  contained "EGCG Super-Antioxidant 250 mg per bottle."



17      25.     But Honest Tea's own marketing materials demonstrate that the 250 mg EGCG

18  claim was false.  On its website, Honest Tea cites two editions of Men's Health Magazine, which

19  Honest Tea claims "independently tested" Honey Green Tea in January 2009 and June 2008.  Both

20  articles state that bottles of Honey Green Tea contained 71 mg of EGCG per bottle.[5]  Seventy-one

21  milligrams of EGCG is not even a third of the EGCG per bottle that Honest Tea claimed on the

22  label.  Thus, even the testing done by Men's Health that Honest Tea flaunts on their website

23  demonstrates that Honest Tea's 250mg EGCG labeling claim was false.  Unsurprisingly, as shown

24  below in the image from Men's Health that is reproduced on Honest Tea's website, the image of

25  the prior label is so small that the false 250mg of EGCG claim is illegible.

---

[5] *See* http://www.honesttea.com/mission/philosophy/antioxidants/

26.     Additionally, independent testing showed that Honey Green Tea contained on average only 70 mg of EGCG per bottle.  Similarly, a report published by ConsumerLab.com on December 21, 2012, and updated and republished on May 30, 2013, found 57.5 mg of EGCG per bottle.  That is only 23% to 28% of the 250 mg represented on the label.

27.     In 2011, Honest Tea introduced new labels for their plastic bottles.[6]  As shown below, the new labels represented that Honey Green Tea contained "190 mg of naturally occurring green tea catechins" per 16.9 fl. oz. bottle.  But that claim was false and misleading.  The report published by ConsumerLab.com found only 119 mg of catechins, and 57.5 mg of the catechin EGCG, per 16.9 fl. oz. bottle of Honest Tea Green Tea with Honey.  Consumerlab.com stated that "only 62.7%" of the 190 mg of green tea catechins listed on the label were found in testing.  Based on its test results, ConsumerLab.com listed Honest Tea Green Tea with Honey as "'Not

---

[6] Labels stating that Honey Green Tea contains "Antioxidants 190mg Tea Catechins/Bottle" are still in circulation.  As shown in the image included herein, the tea in the bottle bearing the "Antioxidants 190 mg Tea Catechins" label does not expire until December 2013.

Approved'…for failing to meet a label claim."[7]  Furthermore, the testing done by the independent lab retained by Plaintiff supports ConsumerLab.com's finding.





28.     Like its current label, the predecessor labels for Honest Tea's Honey Green Tea were false and Plaintiff and the class members were injured as a result.

**Independent Testing Confirms that Honest Tea's Labels Are False And Misleading**

29.     Plaintiff's counsel retained an independent lab to test the total bioflavonoids in Honey Green Tea.  Plaintiff's counsel sent the lab multiple unopened samples of Honey Green Tea in their original containers.

---

[7] "Green Tea Supplements, Drinks, and Brewable Teas Reviewed by ConsumerLab.com" (initial posting 12/21/12, updated 5/30/13, abstract available at https://www.consumerlab.com/reviews/Green_Tea_Review_Supplements_and_Bottled/Green_Tea/).

30.     The independent lab performed a "Total Bioflavonoid Analysis" using the ORAC (Oxygen, Radical, Absorbance Capacity) method.  AOAC International, a global leader in the development and standardization of validated analytical methods, has approved the ORAC method, developed by the USDA, as a First Action Official Method (SM) for measuring antioxidants in foods.  The decision to approve the ORAC method was the result of extensive review by an AOAC expert review panel chaired by James Harnly of the U.S. Department of Agriculture.  A release from AOAC International states: "the method provides good information, particularly on the analytical range and LOD (limits of detection).  The method is applicable to several different foods, covering a wide range of matrixes."

31.     The "Total Bioflavonoids Analysis" performed by the independent lab showed that the flavonoids in Honey Green Tea averaged 0.373 mg per milliliter, or 186.67 mg per 16.9 fl. oz. (500 ml) bottle.  The testing demonstrates that there are 60 mg fewer, or 24% less, flavonoids in Honey Green Tea than the 247 mg amount prominently claimed on the label.

32.     The results of the independent lab's analysis also support ConsumerLab.com's finding that contrary to the representation on the 2011 label, Honey Green Tea did not contain 190 mg of tea catechins per bottle.

33.     The independent lab performed an analysis of the total EGCG content using the HPLC (High-performance liquid chromatography) method.  HPLC is a chromatographic technique used to separate the components in a mixture, to identify each component, and to quantify each component.   HPLC is an accepted method of testing for green tea catechins.

34.     The HPLC analysis done by the independent lab revealed that on average there are only 70 mg of EGCG per 16.9 fl. oz. bottle of Honey Green Tea.  That is only 28% of the 250 mg of EGCG represented on Honey Green Tea's 2008-2011 label.

### CLASS REPRESENTATION ALLEGATIONS

35.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased Honest Tea Honey Green Tea, excluding those that made such purchase for purpose of resale (the "Class").

36.     Plaintiff also seeks to represent a subclass of all Class members who purchased the product in California (the "California Subclass").

37.     Defendant sells hundreds of thousands of bottles of Honest Tea Honey Green Tea. Honey Green Tea is available in major supermarkets nationwide.  Accordingly, members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

38.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of Honest Tea Honey Green Tea is false, and misleading.

39.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false, and misleading labels, purchased Honest Tea Honey Green Tea, and suffered a loss as a result of that purchase.

40.     Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

41.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class and Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

1    management difficulties and provides the benefits of single adjudication, economy of scale, and

2    comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment

3    of the liability issues will ensure that all claims and claimants are before this Court for consistent

4    adjudication of the liability issues.

5    **COUNT I**

6    **Breach Of Express Warranty**

7        42.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

8    paragraphs of this complaint.

9        43.    Plaintiff brings this claim individually and on behalf of the members of the

10   proposed Class and California Subclass against Defendant.

11       44.    Plaintiff, and each Class member, formed a contract with Defendant at the time

12   Plaintiff and each Class member purchased Honest Tea Honey Green Tea.  The terms of the

13   contract include the promises and affirmations of fact relating to the antioxidant content on

14   Defendant's product labels and through its marketing campaign, as described above.  The

15   representations on the product labels became part of the basis of the bargain and are part of a

16   contract between Plaintiff and the members of the Class on the one hand, and Defendant on the

17   other, and thus constituted express warranties.

18       45.    Defendant, as the designer, manufacturer, marketer, distributor, or seller expressly

19   warranted the following about Honey Green Tea:

20           (a)    "247 mg Antioxidants Green Tea Flavonoids Per Bottle,"

21           (b)    "Antioxidants 190 mg Tea Catechins/Bottle,"

22           (c)    "EGCG Super-Antioxidant 250mg per bottle."

23       46.    Defendant sold the goods to Plaintiff and the other Class members, who bought the

24   goods from Defendant.  Plaintiff and the Class members are ordinary consumers who are not

25   versed in the art of inspecting and judging the properties of green tea.  Plaintiff and the Class acted

26   reasonably based on Defendant's representations.

27       47.    Defendant breached the terms of this contract, including the express warranties,

28   because, as demonstrated by several studies including the lab results from the independent lab

retained by Plaintiff, the goods did not contain the amount of antioxidants represented on the product labels.  In fact, the amount of antioxidants per bottle is significantly smaller than represented.  Therefore, the express warranties were false, misleading and deceptive.  As a result of this breach, Plaintiff and the Class did not receive the goods as warranted by Defendant.

48.     Plaintiff and Class members were injured and harmed as a direct and proximate result of Defendants' breach because: (a) they would not have purchased Honey Green Tea on the same terms if the true facts were known concerning its antioxidant content; (b) they paid a price premium for Honey Green Tea due to Defendant's promises that it contained "247 mg Antioxidants Green Tea Flavonoids," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle"; and (3) Honey Green Tea did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT II

### Breach Of Implied Warranty Of Merchantability

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

51.     Defendants as the designer, manufacturer, marketers, distributors, and/or sellers impliedly warranted that Green Tea with Honey was fit for its intended purpose of offering consumers a source of:

(a)     "247 mg Antioxidants Green Tea Flavonoids Per Bottle,"

(b)     "Antioxidants 190 mg Tea Catechins/Bottle,"

(c)     "EGCG Super-Antioxidant 250mg per bottle."

52.     Defendants breached the warranty implied in the contract for the sale of Honey Green Tea because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Green Tea with Honey contains significantly less

1   antioxidants than represented.  As a result, Plaintiff and Class members did not receive the goods

2   as impliedly warranted by Defendant to be merchantable.

3          53.     In reliance upon Defendants' skill and judgment and the implied warranties of

4   fitness for the purpose, Plaintiff and Class members purchased Honey Green Tea as a source of

5   "247 mg Antioxidants Green Tea Flavonoids," "Antioxidants 190 mg Tea Catechins/Bottle,"

6   and/or "EGCG Super-Antioxidant 250mg per bottle."

7          54.     Honey Green Tea was not altered by Plaintiff and Class members.

8          55.     Honey Green Tea was defective when it left the exclusive control of Defendant.

9          56.     Defendant knew Honey Green Tea would be purchased and used without additional

10  testing for efficacy by Plaintiff and Class members.

11         57.     Honey Green Tea was defectively designed and unfit for its intended purpose, and

12  Plaintiff and Class members did not receive the goods as warranted.

13         58.     As a direct and proximate cause of Defendants' breach of the implied warranty,

14  Plaintiff and Class members have been injured and harmed because: (a) they would not have

15  purchased Honey Green Tea on the same terms if the true facts were known concerning its

16  antioxidant content; (b) they paid a price premium for Honey Green Tea due to Defendant's

17  promises that it contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants

18  190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle" (3) Honey

19  Green Tea did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

20                                  <u>**COUNT III**</u>

21            **Breach Of Implied Warranty Of Fitness For A Particular Purpose**

22         59.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

23  paragraphs of this complaint.

24         60.     Plaintiff brings this claim individually and on behalf of the members of the

25  proposed Class and California Subclass against Defendant.

26         61.     Defendant marketed, distributed, and/or sold Green Tea with Honey with implied

27  warranties that it was fit for its intended purposes in that it contained:

28                 (a)      "247 mg Antioxidants Green Tea Flavonoids Per Bottle,"

(b)    "Antioxidants 190 mg Tea Catechins/Bottle,"

(c)    "EGCG Super-Antioxidant 250mg per bottle."

62.    At the time that Green Tea with Honey was sold, Defendant knew or had reason to know that Plaintiff and Class members were relying on Defendant's skill and judgment to select or furnish a product containing "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle."

63.    Plaintiff and Class members purchased Honey Green Tea in reliance upon Defendant's implied warranties.

64.    Honey Green Tea was not altered by Plaintiff or Class members.

65.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased Honey Green Tea on the same terms if the true facts were known concerning its antioxidant content; (b) they paid a price premium for Honey Green Tea due to Defendant's promises that it contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle" (3) Honey Green Tea did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT IV

**Violation Of California's Consumers Legal Remedies Act,**

**California Civil Code §§ 1750,** *et seq.*

66.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

67.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

68.    Plaintiff and the Subclass members are consumers who purchased Honey Green Tea for personal, family or household purposes.  Plaintiff and the Subclass members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).  Plaintiffs and the Subclass

members are not sophisticated experts with independent knowledge of the amount of antioxidants found in Honey Green Tea.

69.     Honey Green Tea beverages that Plaintiff and other Class Members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

70.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

71.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

72.     Defendant violated Cal. Civ. Code § 1770(a)(5) and (a)(9) by misrepresenting the amount of antioxidant flavonoids, antioxidant green tea catechins, and EGCG antioxidants in Honey Green and selling Honey Green Tea with a significantly smaller amount of flavonoids, green tea catechins, and EGCG.

73.     Plaintiff and the California Subclass suffered injuries caused by Defendant because: (a) they would not have purchased Honey Green Tea on the same terms if the true facts were known concerning its antioxidant content; (b) they paid a price premium for Honey Green Tea due to Defendant's promises that it contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle"; and (3) Honey Green Tea did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

74.     On or about September 10, 2013, prior to filing this action, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a). Plaintiff Salazar sent Honest Tea, Inc. a letter via certified mail, return receipt requested, advising Honest Tea, Inc. that it is in violation of the CLRA and demanding that it cease and desist from

1    such violations and make full restitution by refunding the monies received therefrom.  A true and

2    correct copy of Plaintiff Salazar's letter is attached hereto as Exhibit A.

3         75.    Wherefore, Plaintiff seeks damages, restitution, and injunctive relief for this

4    violation of the CLRA.

5                                        **COUNT V**

6                       **Violation Of California's Unfair Competition Law,**

7                **California Business & Professions Code §§ 17200, *et seq.***

8         76.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

9    paragraphs of this complaint.

10        77.    Plaintiff brings this claim individually and on behalf of the members of the

11   proposed California Subclass against Defendant.

12        78.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof.

13   Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and

14   include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or

15   misleading advertising …."

16        79.    Defendant's misrepresentations and other conduct, described herein, violated the

17   "unlawful" prong of the UCL by violating the CLRA and the FAL.

18        80.    Defendant's misrepresentations and other conduct, described herein, violated the

19   "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends

20   public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the

21   conduct outweighs any alleged benefits.  Defendant's dishonesty is of no benefit to consumers.

22        81.    Defendant violated the "fraudulent" prong of the UCL by making

23   misrepresentations about Honey Green Tea, as described herein.

24        82.    Plaintiff and the Class are not sophisticated experts about the amount of antioxidants

25   in bottled green tea, or lack thereof, and they acted reasonably when the purchased Defendant's

26   products based on their belief that Defendant's representations were true.

27        83.    Plaintiff and the California Subclass lost money or property as a result of

28   Defendant's UCL violations because: (a) they would not have purchased Honey Green Tea on the

CLASS ACTION COMPLAINT                                                                    17

1    same terms if the true facts were known concerning its antioxidant content; (b) they paid a price

2    premium for Honey Green Tea due to Defendant's promises that it contained "247 mg

3    Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle,"

4    and/or "EGCG Super-Antioxidant 250mg per bottle"; and (3) Honey Green Tea did not have the

5    characteristics, ingredients, uses, benefits, or quantities as promised.

6    **COUNT VI**

7    **Violation Of California's False Advertising Law,**

8    **California Business & Professions Code §§ 17200, *et seq.***

9        84.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

10   paragraphs of this complaint.

11       85.    Plaintiff brings this claim individually and on behalf of the members of the

12   proposed California Subclass against Defendant.

13       86.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*,

14   makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

15   before the public in this state, ... in any advertising device ... or in any other manner or means

16   whatever, including over the Internet, any statement, concerning ... personal property or services,

17   professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

18   which is known, or which by the exercise of reasonable care should be known, to be untrue or

19   misleading."

20       87.    Defendant committed acts of false advertising, as defined by §17500, by

21   misrepresenting that Green Tea with Honey contained "247 mg Antioxidants Green Tea

22   Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-

23   Antioxidant 250mg per bottle."  These misrepresentations likely deceived and are still deceiving

24   the general public, and lead reasonable consumers to believe that Honey Green Tea in fact

25   contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea

26   Catechins/Bottle," and "EGCG Super-Antioxidant 250mg per bottle."

27       88.    Defendant knew or should have known, through the exercise of reasonable care that

28   their representations about Honey Green Tea were untrue and misleading.

89.     Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

90.     Plaintiff and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased Honey Green Tea on the same terms if the true facts were known concerning its antioxidant content; (b) they paid a price premium for Honey Green Tea due to Defendant's promises that it contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle"; and (3) Honey Green Tea did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT VII

### Negligent Misrepresentation

91.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

92.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

93.     As discussed above, Defendant misrepresented that Honey Green Tea contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and/or "EGCG Super-Antioxidant 250mg per bottle."  Defendant had a duty to disclose correct information.

94.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

95.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about Honey Green Tea.

96.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Honey Green Tea.

97.     Plaintiff and Class members would not have purchased Honey Green Tea if the true facts had been known.

98.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT VIII**

**Fraud**

99.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

100.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

101.     As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Honey Green Tea, including but not limited to the fact that it contained "247 mg Antioxidants Green Tea Flavonoids Per Bottle," "Antioxidants 190 mg Tea Catechins/Bottle," and "EGCG Super-Antioxidant 250mg per bottle." These misrepresentations and omissions were made with knowledge of their falsehood.

102.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Honey Green Tea.

103.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class

and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

b.    For an order declaring the Defendants' conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For injunctive relief as pleaded or as the Court may deem proper; and

h.    For an order awarding Plaintiff and the Class and Subclass his reasonable attorneys' fees and expenses and costs of suit.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated:  November 6, 2013      Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
    L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
Annick M. Persinger (State Bar No. 272996)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
    swestcot@bursor.com
    apersinger@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT    21

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Sarah Salazar, declare as follows:

1.      I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      The complaint filed in this action is filed in the proper place because Honest Tea sells hundreds of thousands of bottles of its tea products, including Honey Green Tea, in this District.

3.      While living in Benicia, California, I purchased numerous 16.9 fl. oz. bottles of Honest Tea Honey Green Tea for my household and for my personal use.  I purchased Honest Tea Honey Green Tea after I read the labels on the bottles that said that the bottles of Honey Green Tea contained antioxidants, including EGCG.  The representations on the label were substantial factors influencing my decision to purchase Honest Tea Honey Green Tea.  I would not have purchased Honest Tea Honey Green Tea had I known that the bottles did not have the amount of antioxidants that Honest Tea represented on its labels.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on October 23 , 2013 at Benicia, California.


_____
SARAH SALAZAR