UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH A. SALAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEST TEA, INC.,<br><br>Defendant. | No.: 2:13-cv-02318-KJM-EFB<br><br><br>ORDER |

This matter is before the court on the motion by plaintiff Sarah A. Salazar ("plaintiff" or "Ms. Salazar") to appoint interim class counsel under Federal Rule of Civil Procedure 23(g)(3). (ECF 9.) Defendant Honest Tea, Inc. ("defendant" or "Honest Tea") opposes the motion. (ECF 18.) The court held a hearing on the matter on April 25, 2014, at which Annick Persinger and Yeremey Krivoshey appeared for plaintiff and Travis Tu and Tammy Webb appeared for defendant. As explained below, the court DENIES plaintiff's motion without prejudice.

I.  DISCUSSION

Because the parties are familiar with the alleged facts in this case, and because the court provides a thorough account of the allegations in the order on defendant's motion to dismiss that will issue shortly, the court does not review the allegations in this order. Accordingly, this order discusses only plaintiff's motion for appointment of interim counsel.

1

Plaintiff seeks the appointment of Bursor & Fisher, P.A. ("Bursor & Fisher") as interim class counsel for plaintiff and the proposed classes. (ECF 9 at 1.) Defendant opposes the appointment of interim class counsel, arguing it is premature and unnecessary. (ECF 18 at 1.)

Federal Rule of Civil Procedure 23(g)(3) provides that, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Where a "number of overlapping, duplicative, or competing suits" are pending and "a number of lawyers may compete for class counsel appointment," the appointment can clarify "responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION § 21.11 at 246 (4th ed. 2004).

Here, plaintiff's motion for appointment of interim class counsel is premature and unnecessary because plaintiff has not identified any known overlapping, duplicative, or competing suits, and no other attorneys are competing for class counsel appointment at this time. Further, the case has not proceeded beyond the pleading stage.

Accordingly, at this time, the court DENIES plaintiff's motion for appointment of interim class counsel without prejudice. At the proper stage, the court will consider plaintiff's renewed motion.

II.     CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to appoint interim class counsel without prejudice.

IT IS SO ORDERED.

DATED: May 20, 2014.

_____
UNITED STATES DISTRICT JUDGE