**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

**SHOOK, HARDY & BACON LLP**
Tammy B. Webb (State Bar No. 227593)
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone: (415) 544-1900
E-Mail:  tbwebb@shb.com


**PATTERSON BELKNAP WEBB & TYLER LLP**
Steven A. Zalesin (admitted *pro hac vice*)
Travis J. Tu (admitted *pro hac vice*)
Michelle W. Cohen (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:    (212) 336-2000
Facsimile:    (212) 336-2222
Email: sazalesin@pbwt.com
       tjtu@pbwt.com
       mcohen@pbwt.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH A. SALAZAR, on behalf of herself and all others similarly situated,<br><br>                                       Plaintiff,<br><br>     v.<br><br>HONEST TEA, INC.,<br><br>                                       Defendant. | Case No.  2:13-CV-02318-KJM-EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Kimberly J. Mueller |

1. PURPOSE AND LIMITATIONS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and Rule 141.1 of the Eastern District of California Civil Local Rules, Plaintiff Sarah A. Salazar and Defendant Honest Tea, Inc. (collectively, the "Parties"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order concerning certain information and documents provided during the course of this litigation which the Parties claim constitute confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and In-House Litigation Counsel.

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>In-House Litigation Counsel</u>: attorneys who are employees of a Party to this action and are actively engaged in the prosecution or defense of this action.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, including class members not specifically named in the case caption.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data or other things in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulated Protective Order, however, do not cover the following information: (a) any information that

1  is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain
2  after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated
3  Protective Order, including becoming part of the public record through trial or otherwise; and (b) any
4  information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after
5  the disclosure from a source who obtained the information lawfully and under no obligation of
6  confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a
7  separate agreement or order.
8  4.     DURATION
9       Even after final disposition of this litigation, the confidentiality obligations imposed by this
10  Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a
11  court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims
12  and defenses in this action, with prejudice; and (2) final judgment herein after the completion and
13  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for
14  filing any motions or applications for extension of time pursuant to applicable law.
15  5.     DESIGNATING PROTECTED MATERIAL
16       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-
17  Party that designates information or items for protection under this Stipulated Protective Order must take
18  care to limit any such designation to specific material that qualifies under the appropriate standards.
19  Pursuant to Local Rule 141.1, the Designating Party must designate for protection only those documents,
20  items, or oral or written communications that qualify – so that other material, documents, items, or
21  communications for which protection is not warranted are not swept unjustifiably within the ambit of this
22  Order.  Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's
23  attention that information or items that it designated for protection do not qualify for protection, that
24  Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.
25       5.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulated
26  Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for
27  protection under this Order must be clearly so designated before the material is disclosed or produced.
28

1        Designation in conformity with this Order requires:

2            (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding

3   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4   "CONFIDENTIAL" to each page that contains Protected Material.

5            A Party or Non-Party that makes original documents or materials available for inspection

6   need not designate them for protection until after the inspecting Party has indicated which material it would

7   like copied and produced.  During the inspection and before the designation, all of the material made

8   available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the

9   documents it wants copied and produced, the Producing Party must determine which documents, or portions

10  thereof, qualify for protection under this Stipulated Order.  Then, before producing the specified documents,

11  the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains

12  Protected Material.

13           (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

14  Designating Party employ one of the following methods: (i) Stating orally on the record of a deposition or

15  other pretrial or trial proceeding what portion of information, exhibits, or testimony is to be designated as

16  "CONFIDENTIAL"; and causing the court reporter to mark the cover page of the transcript with the legend

17  "Contains CONFIDENTIAL Material Pursuant to Stipulated Protective Order."; or (ii) Sending written

18  notice to all other Parties and the court reporter within 14 calendar days of service of the final deposition or

19  other pretrial or trial proceeding transcript (or of notification by the court reporter that the final transcript is

20  available) designating those portions of the transcript to be so designated.  Unless otherwise agreed on the

21  record of the deposition or other testimony, every transcript shall be treated as though it had been designated

22  "CONFIDENTIAL" for a period of 14 calendar days of receipt of the final transcript (or of notification by

23  the court reporter that the final transcript is available).

24           (c) <u>for information produced in some form other than documentary and for any other</u>

25  <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

26  containers in which the information or item is stored the legend "CONFIDENTIAL."

27

28

STIPULATED PROTECTIVE ORDER                                                                                          4
CASE NO. 2:13-CV-02318-KJM-EFB

1       5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Nothing in this Order shall be construed to prevent a Receiving Party from objecting to any confidentiality designation by providing the Designating Party with written notice that identifies with particularity the documents or information that the Receiving Party contends was inappropriately designated "CONFIDENTIAL."  Within ten business days of the Designating Party's receipt of the objection, the Parties shall engage in a good faith meet and confer process in an attempt to resolve any disagreement concerning the designation.  In the event that a resolution is not reached, the Challenging Party may move in accordance with the Court's rules governing discovery disputes that the Court order that the challenged designation be removed.

      The Designating Party bears the burden of showing that the confidentiality designation is warranted. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Notwithstanding any challenge to a designation, the designation shall remain in full force and effect pursuant to the terms of this Order until such time as the Court rules otherwise.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

1  persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been
2  terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL
3  DISPOSITION).

4  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure
5  manner that ensures that access is limited to the persons authorized under this Order.

6  7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the
7  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or
8  item designated "CONFIDENTIAL" only to:

9  (a) the Receiving Party's Counsel, as well as employees of and Professional Vendors hired
10  by the Receiving Party's Outside Counsel of Record to whom it is reasonably necessary to disclose the
11  information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound"
12  that is attached hereto as Exhibit A;

13  (b) the officers, directors, and employees of the Receiving Party to whom disclosure is
14  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be
15  Bound" (Exhibit A);

16  (c) any insurer of the Receiving Party that may be liable to satisfy all or part of a possible
17  judgment in the action or to indemnify or reimburse for payments made to satisfy any such possible
18  judgment who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19  (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
20  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be
21  Bound" (Exhibit A);

22  (e) the court and its personnel as well as any mediator or arbitrator that the Parties have
23  agreed in writing to use or have been ordered to use in connection with this action;

24  (f) court reporters and their staff, professional jury or trial consultants, and Professional
25  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the
26  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27
28

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

    (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

1  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
2          LITIGATION
3          (a)     The terms of this Order are applicable to information produced by a Non-Party in
4  this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in
5  connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in
6  these provisions should be construed as prohibiting a Non-Party from seeking additional protections.
7          (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-
8  Party's confidential information in its possession, and the Party is subject to an agreement with the Non-
9  Party not to produce the Non-Party's confidential information, then the Party shall:
10                 1.      promptly notify in writing the Requesting Party and the Non-Party that
11 some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
12                 2.      promptly provide the Non-Party with a copy of the Stipulated Protective
13 Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the
14 information requested; and
15                 3.      make the information requested available for inspection by the Non-Party.
16         (c)     If the Non-Party fails to object or seek a protective order from this court within 14
17 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-
18 Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a
19 protective order, the Receiving Party shall not produce any information in its possession or control that is
20 subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a
21 court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this
22 court of its Protected Material.
23 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
24         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to
25 any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party
26 must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best
27 efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to
28

whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Inadvertent failure to designate documents, testimony or things as Protected Material does not waive the Producing Party's right to secure the protections of this Stipulated Protective Order. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected material, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. The inadvertent disclosure or inadvertent failure to designate as confidential by a Producing Party of documents or information that Party believes to be Protected Material shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to a specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

      12.3    Filing Protected Material

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record, unless otherwise instructed by the court.

      12.4    No Limit on a Party's Own Use.  Nothing herein shall be construed to limit a Party's use or disclosure of its own Protected Material.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Experts retained by the Receiving Party must return all hard copies of Protected Material to the Producing Party, including exhibits to their reports or declarations, and destroy all electronic copies of documents and emails that contain, quote from, or otherwise reference or refer to Protected Material.

Within 60 days of the final disposition of this action, the Receiving Party shall provide to the Designating Party a certification from each of the Receiving Party's experts that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed by that expert and (2) affirms that the expert has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 13, 2015            BURSOR & FISHER, P.A.

By:   */s/ L. Timothy Fisher*
         Attorneys for Plaintiff

DATED: May 13, 2015            PATTERSON BELKNAP WEBB & TYLER LLP

By:   */s/ Steven A. Zalesin*
         Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 18, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE