**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
ltfisher@bursor.com
apersinger@bursor.com
ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH A. SALAZAR, on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>    v.<br><br>HONEST TEA, INC.,<br><br>                                    Defendant. | Case No.  2:13-CV-02318-KJM-EFB<br><br>**[PROPOSED] ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES**<br><br>Hon. Edmund F. Brennan |

On June 24, 2015, Plaintiff Sarah Salazar moved for an order compelling Defendant Honest Tea Inc. to produce documents and further responses to interrogatories. Specifically, Plaintiff moved for an order compelling the production of documents in response to Plaintiff's Requests for Production numbered 2, 5, 6, 7, 8, 16, and 17 and further responses to Plaintiff's Interrogatories numbered 1, 2, and 3.

Plaintiff's motion to compel the production of documents and further responses to interrogatories came on for hearing before this Court on July 1, 2015. All parties appeared through their respective counsel of record. The transcript of the July 1, 2015 hearing is attached as Exhibit A and incorporated herein by reference. Having considered all papers properly submitted by the parties, the arguments of counsel, and the pleadings, orders and papers on file in this matter, the Court hereby finds and orders the following.

Judge Mueller specifically did not bifurcate discovery. 7/1/2015 Transcript at 9:4-10:10. *See also* 3/5/2015 Pretrial Scheduling Conference Transcript. Accordingly, this Court concludes that the discovery at issue is not premature. 7/1/2015 Transcript at 9:4-10:10. Furthermore, like Judge Mueller, this Court recognizes that class certification and merits discovery often overlap. *Id.* at 9:15-10:9, 14:9-13. Thus, even if discovery was bifurcated, the discovery at issue is not premature because there is sufficient overlap between class certification and merits issues. *Id.*

    **a)**    <u>**Plaintiff's Requests for Production Nos. 2, 5, 6, 7, 8, 16, and 17**</u>

Plaintiff's Request for Production No. 2 seeks "ALL DOCUMENTS that REFER OR RELATE TO the preparation, creation, review, or approval of the LABELS for HONEY GREEN TEA, including, but not limited to DOCUMENTS concerning planning, review and approval of ALL LABELS, COMMUNICATIONS with consultants and third parties, and internal COMMUNICATIONS concerning the LABELING of HONEY GREEN TEA." *See* Motion to Compel, Dkt. No. 57. For the reasons set forth in the July 1, 2015 transcript, the Court finds that Request No. 2 seeks relevant information and is not premature. 7/1/2015 Transcript at 4:3-9:3. As such, the Court grants Plaintiff's motion to compel the production of information in response to Request No. 2. *Id.*

1    Plaintiff's Request for Production No. 5 seeks "ALL DOCUMENTS that REFER OR
2 RELATE TO the development of HONEY GREEN TEA, including, but not limited to,
3 COMMUNICATIONS with consultants and third parties, internal COMMUNICATIONS, and
4 ANY analysis or opinions concerning the ingredients, antioxidant content, including but not
5 limited to EGCG, flavonoids, or other catechins, or formulation of HONEY GREEN TEA, without
6 limitation to time period." *See* Motion to Compel, Dkt. No. 57.  For the reasons set forth in the
7 July 1, 2015 transcript, the Court finds that that Request No. 5 seeks relevant information and is
8 not premature.  7/1/2015 Transcript at 11:7-14:14.  The Court grants Plaintiff's motion as to
9 Request No. 5.  *Id.*
10   Plaintiff's Request for Production No. 6 seeks "ALL DOCUMENTS that REFER OR
11 RELATE TO COMMUNICATIONS with ANY in-house or outside scientific, medical, or other
12 consultants concerning the ingredients, or formulation of HONEY GREEN TEA without limitation
13 to time period." *See* Motion to Compel, Dkt. No. 57.  For the reasons set forth in the July 1, 2015
14 transcript, the Court finds that that Request No. 6 seeks relevant information and is not premature.
15 7/1/2015 Transcript at 14:15-17-8.  The Court grants Plaintiff's motion as to Request No. 6.  *Id.*
16   Plaintiff's Request for Production No. 7 seeks "ALL DOCUMENTS that REFER OR
17 RELATE TO the nutritional content of HONEY GREEN TEA, including but not limited to the
18 amount of Vitamin C, Vitamin E, and Vitamin A, without limitation to time period, including but
19 not limited to the milligram amount of the ingredients, listed or not listed in the nutrition facts
20 panel on HONEY GREEN TEA's label without limitation to time period." *See* Motion to Compel,
21 Dkt. No. 57.  For the reasons set forth in the July 1, 2015 transcript, the Court finds that that
22 Request No. 7 seeks relevant information and is not premature.  7/1/2015 Transcript at 17:9-10,
23 21:22-22:8.  The Court grants Plaintiff's motion as to Request No. 7.  *Id.*
24   Plaintiff's Request for Production No. 8 seeks "ALL DOCUMENTS that REFER OR
25 RELATE TO testing of the antioxidant content, including but not limited to Epigallocatechin
26 Gallate ("EGCG"), flavonoids, or other catechins, in HONEY GREEN TEA, including, but not
27 limited to, clinical study proposals, descriptions, abstracts, reports, results, and ANY other
28

1   DOCUMENTS concerning studies, tests or evaluations concerning the ingredients, or formulation
2   of HONEY GREEN TEA, without limitation to time period." *See* Motion to Compel, Dkt. No. 57.
3   For the reasons set forth in the July 1, 2015 transcript, the Court finds that that Request No. 8 seeks
4   relevant information and is not premature. 7/1/2015 Transcript at 17:9-22:8. The Court grants
5   Plaintiff's motion as to Request No. 8. *Id.*

6   Plaintiff's Request for Production No. 16 seeks "ALL DOCUMENTS that REFER OR
7   RELATE TO consumer preference, desire, OR awareness of ANY products with antioxidants,
8   including but not limited to Epigallocatechin Gallate ("EGCG"), flavonoids, or other catechins,
9   AND ANY studies, research, or COMMUNICATIONS concerning consumer awareness, desire,
10  OR preference for products with antioxidants, including but not limited to Epigallocatechin Gallate
11  ("EGCG"), flavonoids, or other catechins." *See* Motion to Compel, Dkt. No. 57. For the reasons
12  set forth in the July 1, 2015 transcript, the Court finds that that Request No. 16 seeks relevant
13  information and is not premature. 7/1/2015 Transcript at 22:10-23:17. The Court grants Plaintiff's
14  motion as to Request No. 16. *Id.*

15  Plaintiff's Request for Production No. 17 seeks "ALL DOCUMENTS that REFER OR
16  RELATE TO ANY COMMUNICATIONS concerning ANY price increase, price premium, OR
17  amount of money consumers are willing to pay for ANY products with antioxidants, including but
18  not limited to Epigallocatechin Gallate ("EGCG"), flavonoids, or other catechins." *See* Motion to
19  Compel, Dkt. No. 57. For the reasons set forth in the July 1, 2015 transcript, the Court finds that
20  that Request No. 17 seeks relevant information and is not premature. 7/1/2015 Transcript at 23:18-
21  22. The Court grants Plaintiff's motion as to Request No. 17. *Id.*

22  For the foregoing reasons as well as the reasons set forth in detail in the July 1, 2015
23  transcript, Defendant shall produce documents in response to Plaintiff's Requests for Production
24  numbered 2, 5, 6, 7, 8, 16, and 17.

25  If any documents are withheld on the basis of privilege, this Court will strictly apply the
26  requirement for a privilege log. *See id.* at 10:12-11:5.

27
28

### b) Plaintiff's Interrogatories Nos. 1, 2, and 3

Plaintiff's Interrogatory No. 1 requests that Defendant "IDENTIFY EACH retail outlet (including, but not limited to, stores, outlet stores, AND online businesses) that sells OR has sold HONEY GREEN TEA." *See* Motion to Compel, Dkt. No. 57. For the reasons set forth in the July 1, 2015 transcript, the Court grants Plaintiff's motion as to Interrogatory No. 1. 7/1/2015 Transcript at 23:23-30:7.

Plaintiff's Interrogatory No. 2 requests that Defendant "State YOUR gross revenue from the sale of HONEY GREEN TEA in the United States, state-by-state since its introduction to the market, on a monthly basis." *See* Motion to Compel, Dkt. No. 57. For the reasons set forth in the July 1, 2015 transcript, the Court finds that Interrogatory No. 2 seeks relevant information. 7/1/2015 Transcript at 30:8-11. However, given that Defendant produced a spreadsheet in response to this Interrogatory, the Court denies Plaintiff's motion as to Interrogatory No. 2 without prejudice. *Id.* at 34:23-35:16. The Court will not require further supplementation at this point. If after Plaintiff's counsel has consulted with her expert, they conclude that they need more information, then ~~the denial is without prejudice~~ plaintiff may renew her motion as to this interrogatory. *Id.* at 35:12-16.

Plaintiff's Interrogatory No. 3 requests that Defendant "IDENTIFY EACH ingredient and the amount in HONEY GREEN TEA for each variation, if any, for HONEY GREEN TEA since its introduction to the market." *See* Motion to Compel, Dkt. No. 57. For the reasons set forth in the July 1, 2015 transcript, the Court finds that Interrogatory No. 3 seeks relevant information and grants Plaintiff's motion as to Interrogatory No. 3. 7/1/2015 Transcript at 35:17-36:7.

For the foregoing reasons, as well as the reasons set forth in detail in the July 1, 2015 transcript, Defendant shall provide supplemental responses to Plaintiff's Interrogatories numbered 1, and 3. Plaintiff's motion as to Interrogatory No. 2 is denied without prejudice.

IT IS SO ORDERED.

DATED: July 13, 2015.

*(signature)*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE