UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH A. SALAZAR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEST TEA, INC.,<br><br>Defendant. | No. 2:13-cv-02318-KJM-EFB<br><br><br><br>ORDER |

Plaintiff Sarah A. Salazar ("plaintiff" or "Ms. Salazar") filed this putative class action against defendant Honest Tea, Inc. ("defendant" or "Honest Tea"), alleging that its Honey Green Tea label is misbranded in violation of several federal and California laws. This matter is before the court on defendant's Motion to Stay Discovery pending a ruling on defendant's Motion for Summary Judgment (ECF No. 67). Def.'s Mot. Stay Disc., ECF No. 67 ("Mot. Stay"). Plaintiff opposes the motion. Pl.'s Opp'n Mot. Stay Disc., ECF No. 79 ("Opp'n"). The court held a hearing on the matter on September 25, 2015, at which L. Timothy Fisher, Yeremey Krivoshey, and Annick Persinger appeared for plaintiff; Travis Tu, Pro Hac Vice, and Tammy Webb appeared for defendant. As explained below, the court DENIES defendant's Motion to Stay Discovery.

1

I.     BACKGROUND

The First Amended Complaint alleges that statements on several of Honest Tea's labels do not satisfy the Food and Drug Administration's requirements for nutrient content claims, as adopted by California law.  *See* First Am. Compl. ¶¶ 24-28, ECF No. 32.  Ms. Salazar allegedly relied on the unauthorized nutrient content claims in deciding to purchase Honest Tea's Honey Green Tea, and was misled by the misrepresentations.  *See id.* ¶¶ 3, 54, 65, 73.

Based on evidence obtained during the deposition of Ms. Salazar, Honest Tea filed a combined Motion for Summary Judgment and to Stay Discovery on July 14, 2015.  ECF No. 67.  Honest Tea's Motion for Summary Judgment is directed at Ms. Salazar's individual claims rather than the claims of the purported class, and is directed solely to the issue of reliance.  *See* 3/5/15 Tr., Fisher Decl., Ex. 1, at 7:12-7:15, ECF No. 79-1.  Ms. Salazar filed an Opposition to both motions on August 13, 2015.  Opp'n, ECF No. 79.  Honest Tea replied on September 18, 2015.  Def.'s Reply, ECF No. 82 ("Reply").

This order pertains solely to defendant's Motion to Stay Discovery.  The court will adjudicate the merits of defendant's Motion for Summary Judgment in a separate order.

II.    DISCUSSION

District courts have wide discretion in controlling discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause.  *See, e.g.*, *id.* (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss), *as amended on denial of reh'g and reh'g en banc*, (Apr. 17, 2002); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense . . . .").

"[T]he Federal Rules of Civil Procedure does [sic] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."  *Mlejnecky v.*

2

*Olympus Imaging Am., Inc.*, No. 2:10-CV-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).  "Indeed, district courts look unfavorably upon such blanket stays of discovery," *id.*, because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems, *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).  In evaluating a motion to stay, a court "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *Id.*; *see White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000).

District courts in this circuit frequently apply variations of a two-pronged test in deciding whether to stay discovery.  *Mlejnecky*, 2011 WL 489743, at *6 (collecting cases); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 WL 1146607, at *1 (E.D. Cal. Apr. 18, 2007), *as amended*, (Apr. 19, 2007).  "First, the pending motion must be potentially dispositive of the entire case . . . ."  *Mlejnecky*, 2011 WL 489743, at *6.  The court may, for example, stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.  *See, e.g.*, *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (per curiam); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981).  "Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery."  *Mlejnecky*, 2011 WL 489743, at *6.  "Discovery should proceed if either prong of the test is not met."  *Id.*

The parties dispute the appropriate standard for the first prong of the two-pronged test.  In *Wood* and *B.R. S. Land Investors*, the Ninth Circuit held that a district court may stay discovery when it is "convinced" that the plaintiff will be unable to state a claim for relief.  *Wood*, 644 F.2d at 801; *B.R. S. Land Investors*, 596 F.2d at 356.  Relying on *Wood*, Ms. Salazar contends that a stay is only appropriate when a court is "convinced" that the dispositive motion will be granted.  Opp'n at 20 (quoting *Wood*, 644 F.2d at 801; citing *Seven Springs*, 2007 WL 1146607, at *2 (requiring the moving party to show by "clear and convincing evidence" that it will prevail on the merits of its dispositive motion)); *accord Wenger*, 282 F.3d at 1077.  Honest

3

Tea focuses on *GTE Wireless*, a case from the Southern District of California, which interprets *Wood* and *B.R.S. Land Investors* as simply describing one situation in which a stay of discovery may be appropriate, rather than declaring a binding standard for all motions to stay discovery. 192 F.R.D. at 286.  The court in *GTE Wireless* states that a district court must only ". . . take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." *Id.* (emphasis in original) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Honest Tea argues that the court should stay discovery while it considers the pending motion for summary judgment because "Salazar has conceded that she does not actually possess the claims asserted in the [First Amended Complaint]," *id.* at 18, the summary judgment motion can be decided without additional discovery, and staying discovery would conserve resources. *Id.* at 2, 18-19.

The court need not resolve the parties' dispute about the applicable standard under the first prong of the test, because under either the "clear and convincing" standard or the "immediate and clear possibility" standard, Honest Tea has not demonstrated that a stay of discovery is appropriate.  After taking a "preliminary peek" at the merits of Honest Tea's underlying summary judgment motion, the court finds Ms. Salazar's deposition testimony does not appear to show she did not in fact rely on the alleged nutrient content claims.  Because there is not an "immediate and clear possibility" that defendant's motion will dispose of the entire case, defendant has not demonstrated good cause. *See Mlejnecky*, 2011 WL 489743, at *6 ("Discovery should proceed if either prong of the test is not met.").  The court finds that the possibility that summary judgment will be granted does not justify the harms produced by delaying discovery. *See Simpson*, 121 F.R.D. at 263.

III.    CONCLUSION

For the foregoing reasons, the court orders that Honest Tea's Motion to Stay Discovery pending resolution of its Motion for Summary Judgment (ECF No. 67) is DENIED.

IT IS SO ORDERED.

DATED: October 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

4