UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH A. SALAZAR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEST TEA, INC.,<br><br>Defendant. | No. 2:13-cv-02318-KJM-EFB<br><br><br>ORDER |

This matter is before the court on defendant Honest Tea, Inc.'s ("defendant" or "Honest Tea") Motion for Reconsideration of the magistrate judge's July 13, 2015 discovery order under Local Rule 303(c), Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636(b)(1)(A). Def.'s Mot. Recons., ECF No. 70. Plaintiff Sarah A. Salazar ("plaintiff" or "Ms. Salazar") opposes the motion. Pl.'s Opp'n Mot. Recons., ECF No. 73. The court held a hearing on the matter on September 25, 2015, at which L. Timothy Fisher, Yeremey Krivoshey, and Annick Persinger appeared for plaintiff; Travis Tu, Pro Hac Vice, and appellant Tammy Webb appeared for defendant. As explained below, the court DENIES defendant's motion.

I.  BACKGROUND

On June 24, 2015, Ms. Salazar moved for an order compelling Honest Tea to produce documents in response to plaintiff's requests for production numbered 2, 5, 6, 7, 8, 16,

1

and 17 and to provide further responses to plaintiff's interrogatories numbered 1, 2, and 3. Pl.'s Mot. Compel, ECF No. 57. Honest Tea opposed the motion, arguing that the requests are premature and irrelevant. *See generally* Joint Statement Re Disc. Disagreement, ECF No. 57-1. On July 1, 2015, the magistrate judge held a hearing and heard the parties' positions on each of the discovery requests. *See* 7/1/2015 Tr., Persinger Decl., Ex. 5, ECF No. 73-1; 7/1/2015 Tr., Cohen Decl., Ex. D, ECF No. 70-6 ("7/1/2015 Tr.").

After considering the parties' briefing and arguments at the hearing, the pleadings, this court's prior rulings, and transcripts of prior proceedings, the magistrate judge granted in large part plaintiff's Motion to Compel.[1] Order Mot. Compel, ECF No. 66. The magistrate judge found that the requests are not premature, because this court specifically decided not to bifurcate discovery, and class certification and merits discovery often overlap. *Id.* at 1; 7/1/2015 Tr. at 9:4-10:10, 14:9-14:13. The magistrate judge also found that the discovery requests are relevant to the claims asserted by plaintiff in the First Amended Complaint. Order Mot. Compel at 2-4; 7/1/2015 Tr.

On July 27, 2015, defendant filed a Motion for Reconsideration of the magistrate judge's discovery order. Def.'s Mot. Recons., ECF No. 70. Specifically, defendant seeks reversal of the ruling that Honest Tea must respond to the following document requests and interrogatories:

> Request for Production No. 5: ALL DOCUMENTS that REFER OR RELATE TO the development of HONEY GREEN TEA, including, but not limited to, COMMUNICATIONS with consultants and third parties, internal COMMUNICATIONS, and ANY analysis or opinions concerning the ingredients, antioxidant content, including but not limited to EGCG, flavonoids, or other catechins, or formulation of HONEY GREEN TEA, without limitation to time period.
>
> Request for Production No. 6: ALL DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS with ANY in-house or outside scientific, medical, or other consultants concerning the

---

[1] The magistrate judge granted the motion with respect to all of the requests except interrogatory number 2, which he denied without prejudice. Order Mot. Compel at 4, ECF No. 66.

>ingredients, or formulation of HONEY GREEN TEA without limitation to time period.
>
>Request for Production No. 7: ALL DOCUMENTS that REFER OR RELATE TO the nutritional content of HONEY GREEN TEA, including but not limited to the amount of Vitamin C, Vitamin E, and Vitamin A, without limitation to time period, including but not limited to the milligram amount of the ingredients, listed or not listed in the nutrition facts panel on HONEY GREEN TEA's label without limitation to time period.
>
>Request for Production No. 8: ALL DOCUMENTS that REFER OR RELATE TO testing of the antioxidant content, including but not limited to Epigallocatechin Gallate ("EGCG"), flavonoids, or other catechins, in HONEY GREEN TEA, including, but not limited to, clinical study proposals, descriptions, abstracts, reports, results, and ANY other DOCUMENTS concerning studies, tests or evaluations concerning the ingredients, or formulation of HONEY GREEN TEA, without limitation to time period.
>
>Interrogatory No. 3: IDENTIFY EACH ingredient and the amount in HONEY GREEN TEA for each variation, if any, for HONEY GREEN TEA since its introduction to the market.

*See id.* at 8-9.  Plaintiff opposes the motion.  Opp'n Mot. Recons., ECF No. 73.

II.     LEGAL STANDARD

Courts review motions to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Miller v. Akanno*, No. 1:12-CV-01013-LJO-SKO (PC), 2015 WL 566304, at *1 (E.D. Cal. Jan. 16, 2015); *see also* Local Rule 303(f).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted) (alteration in original) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623.

"The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge." *Estate of Stephen E. Crawley v. Robinson*, No. 1:13-CV-02042-LJO-SAB, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

3

In reviewing pretrial orders of a magistrate, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1 (E.D. Cal. Mar. 23, 2011).

III.  DISCUSSION

   A.  "Contrary to Law"

The applicable legal standard for relevance is provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rules create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). However, Honest Tea contends that the 2000 Amendment to Rule 26(b)(1) "signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings." Def.'s Mot. Recons. at 10 (quoting *In re Ashworth, Inc. Sec. Litig.*, No. 99-CV-121, 2002 WL 33009225, at *2 (S.D. Cal. May 10, 2002)).

The court finds that the magistrate judge correctly applied the Rule 26(b) standard within the context of the case. At the hearing, the judge considered how each discovery request is relevant to an element of the claims asserted in the First Amended Complaint. *See* 7/1/2015 Tr. at 1:19-1:23 ("As to the relevancy objection, obviously, I'll be informed by the claims that are put at issue in the amended complaint as well as Judge Mueller's rulings on the prior 12(b)(6) motions, but in particular the second of those two rulings. And I have read those rulings."). He did not grant the motion in order to allow Ms. Salazar to engage in a fishing expedition or to develop new claims that are not identified in the pleadings. *See* Order Mot. Compel; 7/1/2015 Tr. Accordingly, Honest Tea has not met its burden of showing that the magistrate judge's order is "contrary to law."

4

B.    "Clearly Erroneous"

          1.    Testing of the Antioxidant Content

Honest Tea argues that the request for production number 8, relating to the testing of antioxidants in Honey Green Tea, is irrelevant, because Ms. Salazar's First Amended Complaint does not contest the quantity of antioxidants in Honey Green Tea. *See* Def.'s Mot. Recons. at 12. Ms. Salazar initially brought claims challenging the accuracy of Honest Tea's representations about the milligram content of antioxidants in its tea, but this court dismissed those claims as expressly preempted by federal law. *Id.* at 12 (citing ECF No. 29 at 10); *see also* Compl. ¶¶ 2, 19, 23, 31, ECF No. 1 (challenging accuracy of statement "247 mg Antioxidants Green Tea Flavonoids Per Bottle"). Ms. Salazar's First Amended Complaint alleges that different statements on the labels violate the Federal Drug Administration's ("FDA") requirements for nutrient content claims. *See* First Am. Compl. ¶ 28, ECF No. 32 (challenging the phrases ". . . EGCG is our favorite flavonoid, one of many tea antioxidants"; ". . . to us EGCG is a key green tea antioxidant"; ". . . EGCG is the most potent antioxidant around, and our organic green tea is packed with it.").

Honest Tea contends that although the testing of antioxidants would have been relevant to the dismissed milligram content claims, it is not relevant to the nutrient content claims alleged in the First Amended Complaint. Def.'s Mot. Recons. at 12-14 (citing Salazar Dep., Cohen Decl., Ex. A, ECF No. 70-3 at 75:15-76:1, 87:2-87:7, 90:18-91:5, 119:19-119:21). After considering the arguments presented in the briefing and at the hearing, the magistrate judge rejected Honest Tea's arguments and determined that the testing of antioxidants is relevant to whether the nutrient content claims are material to consumers. 7/1/15 Tr. at 21:22-22:6.

Reviewing the magistrate judge's decision, the court is not left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe*, 508 U.S. at 622 (citation omitted). Although this court previously dismissed plaintiff's milligram content claims, the magistrate judge did not mistakenly base his decision on the dismissed claims. Instead, he correctly applied Rule 26(b)(1) to the claims asserted in the First Amended Complaint and found that the discovery requests are relevant to the nutrient content claims. The magistrate judge

5

1  reasoned that the testing of antioxidants might shed light on whether Honest Tea believes that the
2  alleged nutrient content claims are material to consumers, make the product more marketable, or
3  command a price premium.  7/1/15 Tr. at 21:22-22:6.  Honest Tea's decisions about what quantity
4  of antioxidants to include in the tea may reasonably relate to its decisions about how to market and
5  maximize profits for the tea.  The court therefore holds that the magistrate judge's ruling with
6  regard to the testing of antioxidants is not clearly erroneous.

### 2. Ingredient Amounts and Formulation

Honest Tea presents similar arguments regarding the discovery requests relating to the ingredient amounts and formulation of Honey Green Tea (requests for production numbers 5-7 and interrogatory number 3).  Def.'s Mot. Recons. at 14-15.  Honest Tea contends the First Amended Complaint alleges that the antioxidant statements are unlawful because they do not comply with the federal labeling requirements for nutrient content claims, not because they are literally false.  *Id.*  The actual formula of the product is not needed to determine whether the statements are unauthorized nutrient content claims under the regulations.  *See* 7/1/15 Tr. at 11:23-12:1.

Ms. Salazar responds that the ingredient amounts and formulation are relevant to the issue of consumer deception.  She alleges that the unauthorized nutrient content claims are misleading because they make consumers believe that Honey Green Tea contains antioxidant nutrients, such as vitamins A and C.  *See* Pl.'s Opp'n Mot. Recons. at 15-16.  The ingredient amounts and formulation of the tea will show whether Honey Green Tea actually contains any antioxidant nutrients.  *Id.*  In addition, Ms. Salazar argues the ingredient amounts and formulation are relevant to establish standing as to the 2008 label.  *Id.*  Because Ms. Salazar never purchased the product with the 2008 label, she is required to show that the products she purchased in 2012 and 2013 are substantially similar to the product with the 2008 label in order to have standing.  *See* ECF No. 40 at 8-10; ECF No. 29 at 11-13.  Plaintiff notes that she proposed a stipulation that would have obviated the need for Honest Tea to respond to these discovery requests, but Honest Tea declined the offer.  Pl.'s Opp'n Mot. Recons. at 16.

The magistrate judge determined that the requests are relevant to materiality, for the reasons discussed above, as well as to the issue of consumer deception. 7/1/15 Tr. at 11:7-11:12 (applying a similar analysis of materiality to each of the discovery requests); *id.* at 12:8-12:18, 14:9-14:10. The ingredient amounts and formulation of the tea are in fact relevant to the issues of materiality, standing, and consumer deception. The magistrate judge's conclusion on this issue is not clearly erroneous.

IV. CONCLUSION

In sum, defendant has not shown clear error or other meritorious grounds for relief. Honest Tea's Motion for Reconsideration is based on a mere disagreement with the magistrate judge's determination that the requested documents and interrogatories are relevant. For the foregoing reasons, Honest Tea's Motion for Reconsideration (ECF No. 70) is DENIED.

IT IS SO ORDERED.

DATED: October 27, 2015.

_____
UNITED STATES DISTRICT JUDGE